Everett W. Jack, Jr.
Steven P. Caplow
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email: jacke@dwt.com
       stevencaplow@dwt.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RICHLAND, a Washington municipal corporation; GUARANTEE INSURANCE COMPANY,<br><br>Defendants. | No. 17-cv-5200<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

The Travelers Indemnity Company ("Travelers") alleges as follows:

## I.    NATURE OF ACTION

1.    This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, whereby Travelers seeks a declaration that certain insurance policies it issued to defendant City of Richland ("City") do not provide further defense

COMPLAINT - 1
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

coverage, or any indemnity coverage to the City with respect to environmental liability claims at the Horn Rapids Landfill.

## II. PARTIES

2. Travelers is a Connecticut corporation authorized to do business in Washington. Travelers issued a primary level comprehensive general liability policy and a catastrophe umbrella policy to the City.

3. On information and belief, Guarantee Insurance Company is a Florida corporation ("Guarantee") authorized to do business in Washington. On information and belief, Guarantee issued primary level comprehensive general liability policies to the City.

4. The City is a municipality duly organized under the laws of the State of Washington.

## III. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving the City's claim for insurance coverage occurred in the Eastern District of Washington.

7. This Court has personal jurisdiction over the defendants under Wash. Rev. Code. § 4.28.185(1)(a) due to defendants presence within the State of Washington or their transaction of business within the State of Washington.

COMPLAINT - 2
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## IV.  FACTS

### The Insurance Policies

8. Travelers issued to the City the following policies ("Travelers Policies") of insurance under which the City has sought defense and indemnity coverage for the Underlying Matter (as hereinafter defined):

| Policy No. | Policy Period |
|---|---|
| 650-501B323-3-IND (renumbered 650-186E960-8-IND) | 8/6/75 – 8/6/78 |
| CUP-502B322-6-76 | 2/1/76 – 2/1/77 |

9. On information and belief, Guarantee issued to the City the following policies ("Guarantee Policies") of insurance under which the City has sought defense and indemnity coverage for the Underlying Matter:

| Policy No. | Policy Period |
|---|---|
| GA 402149 | 8/6/78 - 8/6/79 |
| GA 409574 | 8/6/79 – 8/6/80 |
| GA 412185 | 8/6/80 – 8/6/81 |
| GGLA 0505108 | 8/6/81 – 8/6/82 |

### The Underlying Matter

10. On information and belief, in or about December 1969, the City acquired an approximately 275 acre parcel located in Benton County, Washington.

COMPLAINT - 3
(USDC NO. 17-cv-5200)

11.     On information and belief, in or about 1974, the City designated approximately 46 acres of the parcel as a municipal landfill for disposal of solid waste and construction debris (the "Horn Rapids Landfill" or "Site").  In 1976, the City completed construction of the first phase of the Horn Rapids Landfill and began operations.

12.     On information and belief, in July 1987, the City began monitoring water quality at the Site using monitoring wells.

13.     On information and belief, in August 1996, to comply with new groundwater monitoring and reporting rules, the City instituted a groundwater monitoring plan that required routine monitoring for volatile organic compounds, including perchloroethylene ("PCE"), trichlorethylene ("TCE") and vinyl chloride ("VC").

14.     On information and belief, any release of PCE, TCE and VC into the groundwater first occurred after the policy periods for the Travelers Policies. In 1998, the City first detected the release of PCE, TCE and VC into groundwater.

15.     On information and belief, on February 18, 2000, the City notified the Benton-Franklin Health District and the Washington Department of Ecology ("Ecology") that it had confirmed increases in groundwater contamination at the Site that would be addressed through a formal corrective action process under the Washington Model Toxics Control Act ("MTCA").

COMPLAINT - 4
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

16.   On information and belief, on March 6, 2000, Ecology notified the City that the Horn Rapids Landfill had been added to Ecology's database of known or suspected contaminated sites (Facility/Site No. 308).

17.   On information and belief, beginning in or around 2002, the City began to voluntarily conduct a MTCA independent cleanup of the groundwater by initiating a remedial investigation and feasibility study.

18.   On information and belief, on March 22, 2016, Ecology sent a written notice to the City of its preliminary determination that the City was potentially liable for releases of hazardous substances at the Site ("Underlying Matter"), alleging the following:

    a.  The City owned and operated the Site at the time of releases of hazardous substances.

    b.  Release of hazardous substance occurred at the Site as reported in environmental reports concerning the Site.

    c.  PCE and TCE were released from the Site to groundwater above levels set by Chapter 173-200 WAC, Water Quality Standards for Groundwaters of the State of Washington and Ecology maximum containment levels ("MCLs").

    d.  That Ecology may conduct itself, or require PLPs to conduct, remedial actions to investigate and clean up the release of hazardous substances of the Site.

COMPLAINT - 5
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

19. On information and belief, on April 19, 2016, the City notified Ecology that it accepted its status as a potentially liable person ("PLP") for contamination at the Site.

20. On June 8, 2016, the City tendered the Underlying Matter to Travelers and demanded that Travelers provide a defense and indemnity under the Travelers Policies.

21. On information and belief, on July 18, 2016, Ecology notified the City of its final determination that the City was a PLP for contamination at the Site.

22. In response to the City's tender of the Underlying Matter, Travelers agreed to participate in the defense of the City under a full and complete reservation of rights.

23. From the date of tender of the Underlying Matter until July 9, 2017, Travelers agreed to pay, and did pay, all reasonable and necessary costs incurred by the City in responding to Ecology's demand that the City conduct remedial actions to investigate and clean up the release of hazardous substances at the Site.

24. On information and belief, on July 9, 2017, the City executed Agreed Order DE 13717 with Ecology, under which the City accepted all liability for the costs and expenses associated with performing a remedial investigation and feasibility study ("RI/FS") for the Site – whether those costs were incurred by the City performing the work or by Ecology performing the work.

COMPLAINT - 6
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# FIRST CLAIM FOR RELIEF

## (Declaratory Judgment)

### Count One - No Further Defense Coverage

25. Travelers realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. There is an actual controversy between Travelers and the City involving the Travelers obligation to continue providing a defense to the City for the Underlying Matter.

27. Travelers requests a declaratory judgment that the Travelers Policies do not currently have and do not have in the future, any obligation to defend or reimburse defense costs of the City for the Underlying Matter for reasons including (but not limited to) the following:

a. Any obligation of the Travelers Policies to defend the City against the Underlying Matter ceased when the City admitted its liability for all costs and expenses associated with performing an RI/FS for the Site pursuant to Agreed Order DE 13717, which the City executed with Ecology.

b. The Travelers Policies do not apply because no property damage, as defined by the Travelers Policies, occurred or existed during the policy periods of the Travelers Policies.

c. The Travelers Policies do not apply to property damage that was not caused by an "occurrence" as defined by the Travelers Policies.

d. The Travelers Policies do not apply to property damage to property owned, or occupied by or rented to the insured, or that was used by the insured, or was under the care, custody or control of the insured, or which was alienated by the insured.

COMPLAINT - 7
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

    e.    The Travelers Policies do not apply to any claim, loss or damage excluded pursuant to the pollution exclusions contained in the Travelers Policies.

### Count Two – No Indemnity Coverage

28.    Plaintiff realleges the allegations of paragraphs 1 through 27 above as if fully set forth herein.

29.    There is an actual controversy between Travelers and the City involving the obligations of the parties concerning insurance coverage for the Underlying Matter.

30.    Travelers requests a declaratory judgment that the Travelers Policies do not currently have and never had any obligation to indemnify the City for the Underlying Matter for reasons including (but not limited to) the following:

    a.    The Travelers Policies do not apply because no property damage, as defined by the Travelers Policies, occurred or existed during the policy periods of the Travelers Policies.

    b.    The Travelers Policies do not apply to property damage that was not caused by an "occurrence" as defined by the Travelers Policies.

    c.    The Travelers Policies do not apply to property damage to property owned, or occupied by or rented to the insured, or that was used by the insured, or was under the care, custody or control of the insured, or which was alienated by the insured.

    d.    The Travelers Policies do not apply to any claim, loss or damage excluded pursuant to the pollution exclusions contained in the Travelers Policies.

COMPLAINT - 8
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### Count Three – Contingent Characterization

31. Plaintiff realleges the allegations of paragraphs 1 through 30 above as if fully set forth herein.

32. Only if, to the extent that, the Court concludes that the Travelers Policies provide coverage for the City's costs to perform an RI/FS for the Site pursuant to Agreed Order DE 13717, which coverage Travelers denies, Travelers seeks a declaration that all such costs are damages because of property damage and payable as indemnity under the Travelers Policies.

## SECOND CLAIM FOR RELIEF

### (Contribution/Allocation to Other Insurers)

33. Plaintiff realleges the allegations of paragraphs 1 through 32 above as if fully set forth herein.

34. To the extent the Court determines that Travelers has a duty to defend and/or indemnify the City for the Underlying Matter or for other environmental liabilities at the Site, under any of the Travelers Policies, Travelers is entitled to equitable contribution and/or allocation for such defense or indemnity costs against Guarantee and any other liable insurer of the City.

## PRAYER FOR RELIEF

**WHEREFORE**, Travelers prays for judgment as follows:

A. On the First Claim for Relief, that this court determine and declare that:

    a. On Count One, Travelers does not currently have, and does not have in the future, any obligation to defend or reimburse defense

COMPLAINT - 9
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

        costs of the City under the Travelers Policies for the Underlying Matter;

    b. On Count Two, that Travelers does not have any obligation to indemnify the City under the Travelers Policies for the Underlying Matter; and

    c. On Count Three, only if, and to the extent that, the Court determines that the Travelers Policies provide coverage for RI/FS costs associated with the Underlying Matter, that all such costs incurred the City's execution of Agreed Order DE 13717 are damages because of property damage and payable as indemnity under the Travelers Policies.

B. On the Second Claim for Relief, to the extent the Court declares that Travelers must continue to defend and/or that it must indemnify the City for environmental liabilities at the Site under one or more of the Travelers Policies, an order granting such Travelers contribution and allocation of such amounts against defendant Guarantee, and any other liable insurers.

C. Awarding Travelers costs and disbursements that are recoverable by law.

D. Awarding Travelers such other and further relief as the Court may deem just and appropriate.

COMPLAINT - 10
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 29th day of November, 2017.

**Davis Wright Tremaine LLP**
Attorneys for Plaintiff The Travelers Indemnity Company

By *s/ Everett W. Jack, Jr.*
   Everett W. Jack, Jr, WSBA No. 47076

By *s/ Steven P. Caplow*
   Steven P. Caplow, WSBA No. 19843

Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
Email:  jacke@dwt.com
       stevencaplow@dwt.com

COMPLAINT - 11
(USDC NO. 17-cv-5200)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax