FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, | NO: 4:17-CV-5200-RMP |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CITY OF RICHLAND, a Washington municipal corporation; and GUARANTEE INSURANCE COMPANY, | |
| Defendants. | |

BEFORE THE COURT are Plaintiffs' Motion for Summary Judgment, ECF No. 12, and Defendant's Cross-Motion for Summary Judgment, ECF No. 16. The Court held a hearing on May 24, 2018. Everett Jack, Jr. appeared on behalf of Plaintiff. Stephen Parkinson appeared on behalf of Defendant. The Court has heard the parties' arguments, has reviewed the pleadings, and is fully informed.

/ / /

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

Plaintiff Travelers Indemnity Company ("Travelers") brings this suit against Defendants City of Richland and Guarantee Insurance Company pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. ECF No. 1 at 1. Travelers seeks a declaration that insurance policies it issued to Defendant City of Richland ("Richland") do not provide further defense coverage, or indemnity coverage, to Richland with respect to environmental liability claims at the Horn Rapids Landfill. *Id.* at 1-2. In the current motion, Travelers seeks only a partial summary judgment that the Court find that any investigatory costs that Richland incurs are damages. Defendant Guarantee Insurance Company has not yet appeared, and is not involved in the resolution of these cross-summary judgment motions between Travelers and Richland.

## Factual Background

### *Horn Rapids Landfill*

In 1974, Richland designated approximately 46 acres of land as the Horn Rapids Landfill, a municipal landfill. ECF No. 12 at 1. In 1987, Richland began monitoring water quality at the Horn Rapids Landfill using monitoring wells. *Id.* at 2. In 1996, to comply with new groundwater monitoring and reporting rules, Richland implemented a groundwater monitoring plan. *Id.*

/ / /

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Travelers Insurance Policies Issued to City of Richland*

Between August 1975 and August 1978, Travelers issued insurance policies to Richland. ECF No. 13 at 3; ECF No. 14-2. These policies provide that "Travelers will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of: (a) bodily injury; or (b) property damage; to which this insurance applies." ECF No. 14-2 at 54. The policies further provide that "Travelers shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage." *Id.*

*Washington Model Toxins Control Act*

The Model Toxics Control Act ("MTCA"), RCW 70.105D, establishes procedures for protecting the public interest in the awareness of releases of hazardous substances and what clean-up processes are being done. RCW 70.105D.010. The primary purpose of the MTCA is to "raise sufficient funds to clean up all hazardous waste sites and to prevent the creation of future hazards due to improper disposal of toxic waste into the state's land and waters." *Id.* "Each person who is liable under [the MTCA] is strictly liable, jointly and severally, for all remedial action costs and for all natural resource damages resulting from the releases or threatened releases of hazardous substances." RCW 70.105D.040(2). WAC 173-340 provides the regulatory provisions implementing the MTCA.

1      Under the MTCA, the Department of Ecology ("DOE") may investigate or

2  require the investigation of releases or threatened releases of hazardous substances,

3  and may conduct or require a potentially liable person to conduct remedial actions,

4  which may include investigations, to remedy releases or threatened releases of

5  hazardous substances.  RCW 70.105D.030(1).  The MTCA defines a potentially

6  liable person ("PLP") as "any person whom [DOE] finds, based on credible

7  evidence, to be liable under RCW 70.105D.040."  RCW 70.105D.020(26).  RCW

8  70.105D.040 establishes which persons are liable with respect to a facility.  The

9  standard of liability under RCW 70.105D.040 includes the owner or operator of the

10  facility, as well as any person who owned or operated the facility at the time of

11  disposal or release of the hazardous substances.  RCW 70.105D.040(1)(a)-(b).

12      The regulations implementing the MTCA outline the process of hazardous

13  substance cleanup.  *See* WAC 173-340-120.  Detailed site investigations and cleanup

14  decisions follow the identification of a hazardous site.  *Id.*  The site investigations

15  include a remedial investigation and a feasibility study ("RI/FS").  WAC 173-340-

16  120(4).  "The purpose of a remedial investigation is to collect data and information

17  necessary to define the extent of contamination and to characterize the site." WAC

18  173-340-120(4)(a).  "The purpose of a feasibility study is to develop and evaluate

19  alternative cleanup actions."  WAC 173-340-120(4)(b).  DOE then evaluates the

20  results of an RI/FS and "select[s] a cleanup action that protects human health and the

21

environment and is based on the remedy selection criteria and requirements"
enumerated in the regulations. WAC 173-340-120(4)(b).

DOE enforces MTCA requirements by order or agreed order. RCW
70.105D.050(1). The MTCA defines "agreed order" as "an order . . . under [the
MTCA] with which the [PLP] . . . receiving the order agrees to comply," and states
that "[a]n agreed order may be used to require or approve any cleanup or other
remedial actions but it is not a settlement under 70.105D.040(4)." RCW
70.105D.020(1). A PLP who refuses without sufficient cause to comply with a DOE
order or agreed order may face civil penalties of up to twenty-five thousand dollars
for each day the party refuses to comply, and up to three times the amount of any
costs incurred by the state as a result of the party's refusal to comply. RCW
70.105D.050(1).

The MTCA also provides for the settlement of environmental cleanup claims.
*See* RCW 70.105D.040(4). "A settlement agreement under [the MTCA] shall be
entered as a consent decree issued by a court of competent jurisdiction." RCW
70.105D.040(4)(b). Under a settlement, a party may resolve its MTCA liability and
enter into a covenant not to sue. *Id.* (4)(c)-(d).

### *Initial Assessment of Richland's Environmental Liability*

In March 2016, DOE notified Richland of DOE's preliminary determination
that Richland was liable under the MTCA "for remedial action costs and for all

natural resources damages resulting from the release of hazardous chemical substances" the Horn Rapids Landfill site.  ECF 17-1 at 2-5.  Richland subsequently notified DOE that it accepted its status as a PLP for contamination at the Horns Rapid Landfill site.  ECF No. 13 at 2.

***Agreed Order and Insurance Dispute***

After accepting its status as a PLP, Richland tendered DOE's claim to Travelers, and demanded that Travelers provide a defense and indemnity under Richland's Travelers insurance policies. ECF No. 13 at 2.  Richland alleges that Travelers initially refused to defend Richland until Richland provided notice of an intent to sue and prepared a complaint.  ECF No. 16 at 16.  After Travelers agreed to defend Richland, Richland further alleges that Travelers refused to pay defense costs from the date of DOE's preliminary determination notification in March 2016 until the date Richland tendered DOE's claim to Travelers.  *Id.*  After Travelers agreed to pay Richland's defense costs from the date of DOE's preliminary determination notification, Richland alleges that Travelers refused and then agreed to pay consultant defense costs.  *Id.*

In July 2017, Richland executed Agreed Order 13717 ("Agreed Order") with DOE.  ECF No. 13 at 2.  Travelers reviewed the Agreed Order several times before Richland and DOE executed the Agreed Order.  ECF No. 18 at 4.  Under the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

Agreed Order, Richland agreed to undertake an RI/FS of the Horn Rapids Landfill site. ECF No. 14-4.

In a letter dated October 11, 2017, Travelers notified Richland that it agreed to pay Richland's defense costs associated with Richland's RI/FS costs that had been incurred prior to the execution of the Agreed Order. ECF No. 18 at 5. Travelers has paid for Richland's defense costs associated with Richland's Horn Rapids Landfill environmental liability for the period between DOE's preliminary determination notification and the execution of the Agreed Order. ECF 12 at 5. Travelers asserts that it has satisfied its obligations under its insurance policies to pay Richland's defense costs with respect to the defense of the Agreed Order requiring Richland to undertake an RI/FS of Horn Rapids Landfill. *See* ECF No. 12 at 2.

**Procedural Background**

The parties have filed cross-summary judgment motions. Travelers argues that Richland's costs associated with the Agreed Order are "damages" and should be characterized as indemnity, *see* ECF No. 12 at 2, rather than defense costs. *Id.* at 9. Richland argues that Travelers' duty to defend has not been terminated by the Agreed Order, and that Travelers' handling of Richland's claim constitutes bad faith. ECF No. 16 at 2.

1    The Court has subject matter jurisdiction over this matter pursuant 28 U.S.C.

2    § 1332 based on the diversity of the parties and the amount in controversy.

3    Plaintiff Travelers Insurance Co. is a Connecticut corporation authorized to do

4    business in Washington.  ECF No. 1 at 2.  Defendant City of Richland is duly

5    organized under the laws of the State of Washington.  *Id.*  Defendant Guarantee

6    Insurance Company is a Florida corporation authorized to do business in

7    Washington.  *Id.*  Travelers asserts that the amount in controversy exceeds the

8    statutory requirement of $75,000.  *Id.* at 2.

9                                   **DISCUSSION**

10   ***Legal Standard for Summary Judgment***

11       A court may grant summary judgment where "there is no genuine dispute as

12   to any material fact" of a party's prima facie case, and the moving party is entitled to

13   judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986);

14   *see also* Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists if sufficient

15   evidence supports the claimed factual dispute, requiring "a jury or judge to resolve

16   the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac.*

17   *Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  "A key purpose of

18   summary judgment 'is to isolate and dispose of factually unsupported claims.'"  *Id.*

19   (citing *Celotex*, 477 U.S at 324).

20

21

1    The moving party bears the burden of showing the absence of a genuine issue

2    of material fact, or in the alternative, the moving party may discharge this burden by

3    showing that there is an absence of evidence to support the nonmoving party's prima

4    facie case.  *See Celotex*, 477 U.S. at 325.  The Court will not infer evidence that does

5    not exist in the record.  *See Lujan v. National Wildlife Federation*, 497 U.S. 871,

6    888-89 (1990) (court will not presume missing facts).

7    When parties file cross-motions for summary judgment, the Court considers

8    each motion on its own merits.  *See Fair Housing Council of Riverside County,*

9    *Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).  The filing of cross-

10   motions for summary judgment "does not vitiate the court's responsibility to

11   determine whether disputed issues of material fact are present."  *Id.*

12   Travelers argues that it is not obligated to continue to defend Richland after

13   Richland entered into the Agreed Order with DOE.  *See* ECF No. 12.  Richland

14   argues that Travelers has a duty to defend that continues despite the Agreed Order

15   with DOE, and that Travelers has acted in bad faith.  *See* ECF No. 16.

16   ***Costs of Performing RI/FS Under the Agreed Order Are Damages***

17   Travelers argues that, under Washington law, costs incurred by Richland to

18   perform the RI/FS in satisfaction of the Agreed Order constitute "damages" that, if

19   covered under the Travelers insurance policies, are payable as indemnity costs,

20   rather than as defense costs.  ECF No. 12 at 2.  Richland contends that Travelers

21   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S
     MOTION FOR SUMMARY JUDGMENT ~ 9

has a continuing obligation to pay Richland's costs as defense costs, in addition to any indemnity costs, until Richland's cleanup liability at the Horn Rapids Landfill is resolved because the Agreed Order does not constitute a settlement. ECF No. 16 at 10-11.

Under Washington law, comprehensive general liability policies "may provide coverage when an insured engages in the cleanup of pollution damages in cooperation with an environmental agency." *Weyerhaeuser Co. v. Aetna Casualty & Sur. Co.*, 874 P.2d 142, 145 (Wash. 1994). Where a party enters into a settlement agreement with an environmental agency, resolving the party's liability, the cleanup costs constitute damages for insurance coverage purposes. *See Teck Metals, Ltd. v. Certain Underwriters at Lloyd's*, 735 F. Supp. 2d 1260, 1266-67 (E.D. Wash. 2010).

"When a particular claim is settled, it is no longer being defended." *Teck Metals, Ltd.*, 735 F. Supp. 2d at 1267. In *Teck Metals, Ltd. v. Certain Underwriters at Lloyd's*, the plaintiff company entered into a settlement agreement with the Environmental Protection Agency ("EPA") regarding environmental cleanup liability under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *Id.* at 1262-63. The settlement agreement required an RI/FS. *Id.* The court in *Teck* found that because Teck Metals had an obligation to pay the RI/FS costs, the defendant insurers had an

obligation to pay these costs as damages. *Id.* at 1263-65. Therefore, "[t]he RI/FS costs do not represent investigation costs incurred in defense of a claim." *Teck Metals, Ltd.*, 735 F. Supp. 2d at 1267.

Washington courts have held that response costs may constitute damages when they are paid as a result of a liability "imposed by law." *See Teck Metals, Ltd.*, 735 F. Supp. 2d at 1265. The MTCA imposes strict liability for cleanup of pollution damages. *See Weyerhaeuser Co.*, 874 P.2d at 146.

Under the MTCA, an agreed order is not a settlement agreement. *See* RCW 70.105D.020(1). The Agreed Order between Richland and DOE expressly states that it is not a settlement agreement. ECF No. 16 at 9. Richland argues that the Agreed Order lacks certain characteristics that must be present to have a "settlement," such as a court order and an admission or determination of liability. *Id.* at 3, 11. However, the Agreed Order settled the question of whether Richland would perform the RI/FS. *See* ECF No. 14-4. Under the MTCA, Richland is strictly liable for the performance of the RI/FS. *See* RCW 70.105D.040(2); *Weyerhaeuser Co.*, 874 P.2d at 146.

Therefore, the Court finds that the costs of performing the RI/FS are damages, rather than defense costs. *See Teck Metals, Ltd.*, 735 F. Supp. 2d at 1267. Accordingly, the Court finds that summary judgment in favor of Travelers is appropriate on the question of whether Richland's remedial investigation and

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

feasibility study costs associated with the Agreed Order are "damages" and should be characterized as indemnity under the Travelers insurance policies.

### Travelers Has a Duty to Defend

Richland argues that Travelers has breached its duty to defend Richland by refusing to pay investigation costs incurred after the execution of the Agreed Order. ECF No. 16 at 13-14. Travelers contends that it has no duty to defend Richland's performance under the Agree Order. ECF No. 22 at 4-5.

Under Washington law, the duty to defend is based on "potential for liability." *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007). Summary judgment "may be granted in favor of the insured if there are any facts in the Complaint [against the insured] that could conceivably impose liability upon the insured within the policy's coverage." *King County v. Travelers Indem. Co.*, 234 F. Supp. 3d 1074, 1079 (W.D. Wash. 2017).

"[T]he insurer's duty to defend, unlike its duty to pay, arises when the complaint [against the insured] is filed and is to be determined from the allegations of the complaint." *Holland Amer. Ins. Co. v. Nat'l Indem.*, 454 P.2d 383, 385 (Wash. 1969). "Generally, insurers have a duty to defend any complaint alleging facts which, if proven, would render the insurer liable for indemnification of the insured." *Viking Ins. Co. v. Hill*, 787 P.2d 1385, 1387 (Wash. Ct. App. 1990) (citing *Greer v. Northwestern Nat'l Ins. Co.*, 743 P.2d 1244, 1247 (Wash. 1987));

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

*see also Safeco Ins. Co. v. McGrath*, 708 P.2d 657, 659 (Wash. Ct. App. 1985) ("[A]n insurer's duty to defend its insured arises where any allegation in the complaint, if proved true, would render the insurer liable under the policy.").

In determining the duty to defend, "the pleadings must be liberally construed, and if they are subject to an interpretation that creates a duty to defend, the insurer must comply with that duty." *Travelers Ins. v. N. Seattle Christian & Missionary Alliance*, 650 P.2d 250, 253 (Wash. Ct. App. 1982). Under Washington law, "if there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend." *Xia v. ProBuilders Specialty Ins. RRG*, 400 P.3d 1234, 1240 (Wash. 2017) (citations omitted).

The Washington State Supreme Court has stated that a "primary insurer's duty to defend continues until the suit it is defending is resolved by settlement or judgment." *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 15 P.3d 115, 134 (Wash. 2000). In *King County v. Travelers Indemnity Co.*, the court stated that "[t]he RI/FS is but one step of the many necessary to address such legal and environmental quagmires. Travelers' argument, in effect, suggests that the Court should rule that an incomplete resolution of liability is sufficient to extinguish the entire proceeding and relieve it of its duty to defend its policyholder." 234 F. Supp. 3d at 1082. The *King County* court proceeded to reject Travelers' argument in that case, which is similar to the one presented here, and concluded that

Travelers had breached its duty to defend where it refused to defend the plaintiff because the plaintiff cooperated with EPA and DOE to undertake an RI/FS. *Id.* at 1080-83.

Richland argues that Travelers is obligated to defend Richland because its exposure to damages has not been resolved. ECF No. 16 at 11. Richland argues that it "still needs to defend itself until Ecology's claim is resolved by either a settlement or a judgment regarding a final cleanup action at the Site, and Travelers is obligated to fund that defense." ECF No. 16 at 2. Travelers contends that Travelers has paid reasonable and necessary costs of defense that Richland incurred in responding to DOE's demand that Richland conduct remedial actions to investigate and clean up the release of hazardous substances at Horn Rapids Landfill. ECF No. 12 at 5.

The Court has concluded that the Agreed Order resolved Richland's liability to perform the RI/FS. *See supra.* However, the RI/FS is just one step of the hazardous substances cleanup process. Richland likely faces future liability related to the cleanup of the Horn Rapids Landfill. Therefore, the Court finds that Travelers has a duty to continue to defend Richland while liability is being determined, because Richland faces future liability for hazardous substances cleanup under the MTCA. *See King County*, 234 F. Supp. 3d at 1082-83. The

Court finds that summary judgment in favor of Richland is proper on the question of whether Travelers has an ongoing duty to defend.

### Travelers' Actions Do Not Constitute Bad Faith

Richland argues that Travelers' handling of Richland's claim and Travelers' refusal to pay investigation costs under its duty to defend constitute bad faith. ECF No. 16 at 14-15. Travelers contends that Richland has not satisfied the prima facie elements of its bad faith claim, and that the facts in this case do not support such a claim. ECF No. 22 at 11-12.

To establish a bad faith claim, an insured must prove the elements of duty, breach, causation, and damages. *St. Paul Fire & Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 668 (Wash. 2008). The insured must show that the insurer's conduct was "unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1277 (Wash. 2003). "If the insured claims that the insurer denied coverage unreasonably in bad faith, then the insured must come forward with evidence that the insurer acted unreasonably." *Id.* The burden of proof is on the policyholder. *Id.*

"Whether an insurer acted in bad faith is a question of fact." *Onvia, Inc.*, 196 P.3d at 668. "The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds." *Smith*, 78 P.3d at 1277. "If the insurer can point to a reasonable basis for its action,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1  this reasonable basis is significant evidence that it did not act in bad faith . . . ." *Id.*
2  at 1278.

3       Richland argues that Travelers should have known that it had a duty to
4  defend, and, therefore, that it refused to pay defense costs in bad faith.  ECF No. 16
5  at 15.  Richland also argues that Travelers acted unreasonably by not responding to
6  Richland's letter regarding defense costs and for bringing this lawsuit seeking a
7  declaratory judgment.  *Id.*  Richland further argues that Travelers unreasonably
8  delayed in providing defense costs.  *Id.* at 16.  Travelers contended at oral
9  argument that Richland has failed to prove its prima facie case, that genuine issues
10 of material fact exist, and that it acted reasonably.

11      The Court finds that genuine issues of material fact exist that prohibit the
12 Court from deciding the bad faith claim at this juncture.  Therefore, the Court
13 denies without prejudice Richland's summary judgment motion as to its bad faith
14 claim.

15 ***Travelers' Motion to Strike Exhibits***

16      Travelers moves to strike several exhibits provided by Richland in support
17 of its claim that Travelers acted in bad faith.  ECF No. 22 at 13-14.  Travelers have
18 not shown evidence that they are prejudiced by the exhibits, but because the Court
19 has denied Richland's motion for summary judgment regarding their bad faith
20 claim, the Court denies Traveler's motion to strike as moot.

21 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
   MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S
   MOTION FOR SUMMARY JUDGMENT ~ 16

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Defendant's Cross-Motion for Summary Judgment, **ECF No. 16**, is **GRANTED in part** as to its duty to defend claim and **DENIED in part** as to its bad faith claim.

3. Plaintiff's Motion to Strike exhibits, in **ECF No. 22** at 13, is **DENIED as moot**.

4. Judgment shall be entered accordingly.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 30, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
